*562 OPINION of the court, by
judge Owsley.
-This action was commenced by Williams against Bams, i* *563 the Hopkins circuit court. Williams, in his declaration, after reciting a judgment recovered by him against John Hopkins, and Horatio D. G. 'Watkins, in the circuit court for the United States, and a ca. sa.. which issued thereon for g 700 debt, and g 91 82 cents costs ; charges that the ca. sa. was put into the hands of John Madison, deputy marshal of -tire district of Kentucky, to execute; that said Madison, by virtue of said writ, in the county of Hopkins, did arrest said John Hopkins, and delivered him in the jail of said county oí Hopkins, to Barns, the then jailor of said county ; that , , . . said John Hopkins being so charged m execution, entered into bond, with Samuel G. Hopkins his security, conditioned that said John Hopkins should not depart or go out of the rules or bounds of said prison, until discharged by due course of law ; and that said John Hopkins did depart without the rules or bounds of said pri-i 1 son, and go at large in said county, contrary to the condition of said bond, whereby the condition of said bend was altogether broken, and the said John Hopkins, and Samuel G. Hopkins, his security, became liable to páy unto Williams his debt, damages and costs; and the said Barns, not ignorant of the premises, but intending to hinder said Williams from recovering his debt, &c. has hitherto refused to deliver up and assign the said •bond unto said Wllliams, although so to do he was specially requested, whereby, the said Williams is ther hindered and prevented from recovering his debt, &c. Upon the petition of Williams fay his agent, this cause was removed to the Muhlenburg circuit court, where judgment by default was had,against Barns and his appearance bail, and upon the execution of a writ of inquiry, a verdict for ⅜ 917 83s. 9d. was had against them ; to reverse this Judgment, Barns hits prosecuted a writ of error with a supersedeas in this court.
If the.debtor “⅜tne Jal1- or it Dound to ass¡„n ⅛ ⅛⅛ to the creditor, ^ ⅛ ⅝31»* ”0 a“ s;gn over the bo"'t the creditor, tibe cíe-darat'ion charge an «- “/⅛; t r the prifen rafts and bounds and amraly loathe audition of the oi a~ escape.
The tirst question which occurs'as proper to be decided in this cause is, whether the bond conditioned to keep the prison rules is illegal and void, because ol its having been taken to the jailor.
By the 26th section of the act concerning executions, 1 Litt. 547, it is provided 41 if any person or persons charged m execution, shall enter into bond with good and sufficient security, under a reasonable penalty, upon sonditioa he or they shall not depart or go out of the *564 rules or bounds of the prison to which he or they shall be committed, it shall be lawful for the sheriff or officer its whose custody such prisoner or prisoners shall be, to permit him or them to go out of the prison and return at pleasure. By the laws and constitution of this country, the office of jailor is made separate and independent of that of the sheriff; he is «appointed by the county court, and has to give bond and security for a faithful discharge of the duties of his office. He is alone responsible for his acts as jailor, and whenever he has the custody of a prisoner, we think he should take the bond for keeping the prison rules ; the bond being an indemnity to the officer taking it alone.
The next question for decision is, whether the jailor is bound by law to assign to the creditor such bonds. The solution of this question depends on the construction of an act declaring the law concerning the escape of debtors and other prisoners. By the 2d section of this act (2 Litt. 33) it is provided when any person in execution, who shall have obtained the liberty of the prison rules by giving bond and security for the same, shall hereafter escape and go out of the same, the sheriff of the county where such person was in custody, shall, and is hereby required immediately to apply to a justice of the peace for an escape warrant, to retake such prisoner according to the directions of this act ; and such sheriff shall, and he is hereby required immediately to give notice thereof to the creditor at whose suit he was in custody, or to his «attorney or agent, and shall assign over and deliver tq such creditor or his attorney, the bond by him taken for the liberty of the prison rules, who shall be obliged to receive the same, &c. Such construction should be put upon this section, as will best answer the intention of the makers, even should such construction not be within the letter ? that intention will be the better collected from the cause or necessity of making the law. Before the passage of this section, bonds for keeping the prison rules were not assignable ; the creditor had recourse only to the officer from whose custody the prisoner escaped ; and the officer, his recourse on the bond which he had taken for his indemnity. It seems evident that it was the intent of the law makers by enacting this section, to prevent this circuity of action, and to do away *565 the liability of the officer, in case of escapes when he should have clone his duty in taking sufficient security for keeping the rules or bounds. That intention can alone be answered by extending the provisions of the section to jailors as well as sheriff’s ; we think there* fore, that from an equitable construction, jailors are bound to assign bonds by them taken to keep the rules under the provisions contained in the statute.
But it remains to be decided, whether the declaration in this case contains such averments, from which it appears Barns is bound by law to assign and deliver the bond by him taken for the prison rules ? Every thing of the essence of the action, should be set forth in the declaration ; whenever a prisoner shall escape and go out of the prison rules, it becomes the duty of the officer from whose custody the escape was made, to assign the bond to the creditor ; that the prisoner should have escaped, is of the essence of the right of the creditor to an assignment of the bond ; and in actions against the officer for a failure to assign the bond, it is the gist of the action. It is not every departure or going out of the prison rules that makes, an escape 5 on a failure by the creditor to pay the prison fees, or give bond and security for such payment, or upon the prisoner’s taking the oath prescribed for insolvent debtors, he may depart and go without the prison rules, and yet not have escaped ; in such cases the officer taking the bond is not bound to assign it to the creditor. The.declaration should charge as a substantive allegation, that the prisoner escaped ; the allegation that he departed and went without the prison rules, is not sufficient. This defect we consider not helped by the statement, “ contrary to the condition of said bond, whefeby the condition of said bond was altogether broken,” &c. that being only a legal conclusion, and not a substantive allegation of a material fact.
The fact should be so alleged that the court could decide with certainty, whether the jailor is bound to assign the bond. We think therefore the declaration defective, and that the judgment of the Muhlenburg circuit court is erroneous, and must be reversed with costs, &c. the cause tobe remanded, and the pLurniff to have leave to amend his declaration, &c«